IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMP NE'ER TOO LATE, | : | Civil Action No. 4:14-CV-1715 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| SWEPI LP, | : | |
| Defendant. | : | |

**MEMORANDUM**
August 21, 2015

Currently pending before the Court is Plaintiff Camp Ne'er Too Late's (the "Camp") Motion for an Extension of Time to File a Dispositive Motion. (ECF No. 30). For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

This matter comes before the Court as a result of previously-imposed deadlines, as well as several subsequent agreed-upon extensions to those deadlines. In that regard, on December 19, 2014, this Court implemented a dispositive motion deadline of June 26, 2015. (ECF No. 19). On April 9, 2015, an extension for the completion of discovery was granted, resulting in a delay of the dispositive motion deadline. (ECF No. 25). Thereafter, discovery was again extended, resulting in a dispositive motion deadline of August 7, 2015. (ECF No. 27).

On August 7, 2015, a motion for summary judgment was received from Defendant SWEPI LC ("SWEPI"), but no dispositive motion as received from the Camp. (ECF No. 28). On August 10, 2015, the Camp filed this Motion. (ECF No. 30). Prior thereto, on July 28, 2015, counsel for the Camp, Carl J. Engleman, Jr., Esquire, sent an e-mail to counsel for SWEPI, Jeremy A. Mercer, Esquire, requesting an extension to the dispositive motion deadline. Id. at Ex. A.

After an exchange of e-mails, Mr. Mercer indicated his willingness to extend the deadline and, on August 3, 2015, proposed an extension of the deadline until either August 21st, 28th, or 31st. Id. No reply was made by Mr. Engleman. Mr. Engleman avers that he believed an agreement had been reached and that, as was their previous practice, Mr. Mercer would contact the Court to seek an extension. (ECF No. 30, ¶ 3).

On August 7, 2015, after receiving no response from Mr. Engleman regarding the proposed extension, Mr. Mercer sent an e-mail at 10:10 a.m. advising that he would submit a dispositive motion. Id. at Ex. B. Mr. Engleman responded that afternoon, stating that he believed an agreement to extend the dispositive motion deadline had been reached. Id. Mr. Mercer avers that, after he heard nothing from Mr. Engleman regarding the proposed extension deadline dates, he believed that Mr. Engleman had changed his mind, and that no agreement was forthcoming. (ECF No. 31).

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that:

> [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Consequently, the central inquiry is whether counsel's failure to meet the deadline was the result of excusable neglect.

The concept of excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 388 (1993). Any inquiry into excusable neglect must account for "all relevant circumstances surrounding the party's omission" and must be "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395.

Relevant circumstances include "the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Drippe v. Tobelinski, 604 F.3d 778, 785 (3d Cir. 2010) (quoting Pioneer, 507 U.S. at 395).

### A.   Reason for the Delay

In determining the reason for the delay, the United States Court of Appeals for the Third Circuit has set forth five factors that should be considered:

> (1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure; (2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; (3) counsel's failure to provide for a readily foreseeable consequence; (4) a complete lack of diligence; or (5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988). See also, Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 325-27 (3d Cir. 2012) (noting that any "Dominic factors that were not restated in Pioneer were instead subsumed in the more general consideration of 'reason for the delay'").

Turning first to the reasons for the delay, the Court finds that the factors provided by the Third Circuit militate in favor of granting the Camp's Motion. First, the failure to file a timely motion was due to a misunderstanding on Mr. Engleman's part regarding the existence of an agreement to extend the deadline. Mr. Engleman appears to have genuinely believed that he had reached an agreement with opposing counsel. Counsel understood that the rules required him to file a timely motion; he simply failed to follow through with his efforts to extend the deadline. This may have been careless, but it was not incompetent.

Second, the reasons provided by Mr. Engleman for the failure are not easily manufactured, and the attached e-mails plainly allow the Court to verify his misunderstanding. Third, it does appear that Mr. Engleman made good faith efforts to extend the dispositive motion deadline. He engaged opposing counsel in

a discussion to extend the deadline, and had some reasonable assurance that Mr. Mercer was amenable to an extension, although no definitive agreement was reached.

Fourth, while Mr. Engleman's actions do demonstrate a lack of diligence in following through with Mr. Mercer, they do not demonstrate a "*complete* lack" of diligence. Dominic, 841 F.2d at 517 (emphasis added). To the contrary, Mr. Engleman actively sought an extension of time but, through a reasonable misunderstanding, did not submit a proposed extension to this Court. Finally, while Mr. Engleman did fail to provide for an obvious and readily foreseeable consequence, this failure does not outweigh the other four factors. Consequently, this factor weighs in favor of granting the Motion.

**B.     Remaining Factors**

Turning next to the question of delay, there is no practical concern of any delay in granting the Camp's motion. The Court will impose a strict deadline for the filing of a dispositive motion; any motion must be filed by August 28, 2015 by 5:00 p.m. No further extensions will be granted. Given this tight deadline, briefing on any dispositive motion filed by the Camp will be completed shortly after briefing is completed for SWEPI's dispositive motion. Furthermore, Mr. Engleman did make efforts to alleviate any delay by filing this Motion the next

business day after the dispositive motion deadlines lapsed.  Therefore, these two factors likewise militate in favor of granting the Camp's Motion.

Finally, in analyzing the prejudice prong there will be some minimal prejudice to SWEPI.  The Court recognizes that the Camp has had access to SWEPI's Motion for Summary Judgment and accompanying statement of factors for the past two weeks.  This will allow the Camp to respond to some of the issues raised in its own dispositive motion.  Therefore, this factor weighs against granting the Motion.

Ultimately, the above analysis convinces the Court that the failure to grant the Motion would prejudice the Camp to a degree that is disproportionate to the harm done by Mr. Engleman's carelessness, and therefore the relevant <u>Pioneer</u> factors weigh slightly in favor of granting the Camp's Motion.  Of course, this decision should not be interpreted as condoning Mr. Engleman's handling of this matter.  When the Court sets deadlines, it expects that attorneys will take their obligations to the Court and their clients seriously.  Neglecting one's duties is a serious matter and one that, in this situation, the Court cannot completely comprehend.  The failure to meet the dispositive motion deadline is particularly perplexing in light of this Court's repeated admonitions that no agreement for an extension of time is valid without Court approval.  <u>See</u> (ECF No. 2, ¶3; ECF No. ¶4).

Be that as it may, the Court must reiterate that its determination is "at bottom an equitable one[.]" Pioneer, 507 U.S. at 395. After all, as former United States Supreme Court Chief Justice Earl Warren once said, "[i]t is the spirit and not the form of law that keeps justice alive." Earl Warren, The Law and the Future, in The Public Papers of Chief Justice Earl Warren 221, 229 (Henry M. Christman ed., 1959). While this conclusion may seem unfair to SWEPI, whose attorney diligently followed all applicable rules and timely filed his motion, the practice of law – much like life – is not always fair. However, the Court must be ever mindful of one of the primary duties with which it has been entrusted – the impartial and just resolution of the cases placed before it. The Court is reticent to deny the Motion where doing so under these circumstances simply would not further the ends of justice or judicial economy.

## IV. CONCLUSION

After balancing the aforementioned factors, the Court determines that excusable neglect for failing to meet the dispositive motion deadline exists. Therefore, the Camp's Motion for an Extension of Time to File Dispositive Motions, (ECF No. 30), is granted. An appropriate Order will follow.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge